IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

          Plaintiff,

v.

ERNEST JOHNSON, JR.

          Defendant.

Case No. 3:98-cr-00398-MA-2

OPINION AND ORDER
DENYING MOTION FOR
SENTENCE MODIFICATION

BILLY J. WILLIAMS
Acting United States Attorney
District of Oregon
JOHNATHAN S. HAUB
Assistant United States Attorney
1000 S.W. Third Ave., Suite 600
Portland, OR 97204-2902

          Attorneys for Plaintiff

LISA HAY
Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, OR 97204

          Attorney for Defendant

1 - OPINION AND ORDER DENYING MOTION FOR SENTENCE MODIFICATION

MARSH, Judge

Defendant Ernest Johnson, Jr., a federal prisoner incarcerated at Sheridan Federal Correctional Institution, moves for a reduction of his term of imprisonment pursuant to 18 U.S.C. § 3582(c) and Amendment 599 of the United States Sentencing Guidelines ("USSG" or "Guidelines"). The government filed a response, and after appointment of counsel, defendant filed a reply. The issues are sufficiently developed and the court determines that oral argument would not aid resolution of this matter; therefore, defendant's request for oral argument is denied. For the reasons that follow, defendant's motion is denied.

## BACKGROUND

Defendant was convicted on December 18, 1998 of Armed Bank Robbery in violation of 18 U.S.C. § 2113(a) & (d) (Count 1); Unlawful Possession of a Firearm in Connection with Crime of Violence in violation of 18 U.S.C. § 924(c) (Count 2); and Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g) (Count 3). ECF No. 68. Due to his prior convictions, defendant qualified at sentencing for an enhanced penalty as an armed career criminal under 18 U.S.C. § 924(e).[1] ECF No. 63.

The Presentence Report ("PSR") noted a maximum sentence of 25 years (300 months) on Count 1, a mandatory minimum of five years (60 months) on Count 2, and a minimum sentence of 15 years (180 months) to life pursuant to the armed career criminal enhancement on Count 3. *See* ECF No. 63; PSR ¶¶ 76-78. For purposes of sentencing, the PSR grouped the armed bank robbery charge (Count 1) and the felon in possession charge (Count 3) as specified in the armed career

---

[1]Defendant does not challenge his qualification as an Armed Career Criminal, Career Offender, or application of the USSG Chapter Four enhancements in this action.

2 - OPINION AND ORDER DENYING MOTION FOR SENTENCE MODIFICATION

criminal enhancement and applied the armed career criminal guideline in USSG § 4B1.4. PSR ¶ 36. This resulted in a total offense level of 34 under USSG § 4B1.4(b)(3)(A). PSR ¶ 37. Additionally, defendant qualified as a Career Offender under USSG § 4B1.1, likewise resulting in an offense level of 34. PSR ¶¶ 37-38.

The court explicitly adopted the findings and recommendations in the PSR and found it appropriate to give a zero-point reduction for acceptance of responsibility. ECF No. 93. Thus, the court found a Total Offense Level of 34, and a Criminal History Category of VI for a recommended sentencing range of 262 to 327 months.[2] On March 5, 1999, defendant was sentenced to 300 months on Count 1 and Count 3 to run concurrently, and the court imposed a mandatory 60 month consecutive sentence on Count 2, for a total imprisonment term of 360 months. ECF No. 93 at ¶ 6.

In this action, defendant argues that Amendment 599 prohibits weapons enhancements for other offenses when the defendant also is sentenced for a § 924(c) violation. According to defendant, the court "double counted" when it applied USSG § 4B1.4 subsection (b)(3)(A) to increase his offense level from 33 to 34 based on his use of firearm in the bank robbery, conduct already penalized by his § 924(c) conviction. Defendant contends that Amendment 599, as clarified by Amendment 674, prohibits this weapons enhancement and he is entitled to a sentence reduction under § 3582(c)(2).

---

[2]Due to defendant's criminal history, the PSR calculated his criminal history with a subtotal of 16 points. Because defendant was on post-prison supervision and the offense was committed less than two years following his release, three points were added to his criminal history for a total of 19 points. USSG §§ 4A1.1(d) & (e); PSR ¶¶ 56-59. This resulted in a Criminal History Category of VI. Application of USSG § 4B1.4 also results in Criminal History Category VI.

3 - OPINION AND ORDER DENYING MOTION FOR SENTENCE MODIFICATION

In response, the government argues that defendant is not entitled to reduction because his sentence was calculated based on the armed career criminal and career offender guidelines which have not been amended with retroactive effect. According to the government, neither Amendments 599 or 674 impact defendant's sentence and this court lacks jurisdiction to modify defendant's prison term. The government is correct.

## DISCUSSION

### I. Standards

A district court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). The statute contains an exception to this general prohibition if a defendant satisfies two prongs: "(1) the sentence is based on a sentencing range that has subsequently been lowered by the Sentencing Commission and (2) such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Pleasant*, 704 F.3d 808, 810 (9th Cir. 2013)(internal quotations omitted); *United States v. Wesson*, 583 F.3d 728, 730 (9th Cir. 2009); 18 U.S.C. § 3582(c)(2). The "primary applicable policy statement" is USSG § 1B1.10, which states that a defendant is eligible for a sentence reduction if "'the guideline range *applicable to* that defendant has subsequently been lowered as a result of an amendment to the Guidelines.'" *Pleasant*, 704 F.3d at 811 (quoting U.S. SENTENCING GUIDELINES MANUAL § 1B1.10(a)(1) (emphasis in original)); *Wesson*, 583 F.3d at 730, 732. *Accord United States v. Charles*, 749 F.3d 767, 770 (9th Cir. 2014)(finding retroactive sentencing guideline amendment did not affect sentence imposed pursuant to career offender guideline). If a Guideline amendment does not actually lower the defendant's applicable guideline range, the court lacks jurisdiction to modify

4 - OPINION AND ORDER DENYING MOTION FOR SENTENCE MODIFICATION

the sentence under § 3582(c)(2). U.S. SENTENCING GUIDELINES MANUAL § 1B1.10(a); *see Pleasant*, 704 F.3d at 811; *Charles*, 749 F.3d at 770.

## II. Amendments 599 and 674 Do Not Apply

On November 1, 2000, the Sentencing Commission enacted Amendment 599, which changed Application Note 2 of USSG § 2K2.4, and modified when a court may impose a weapons enhancement for defendants convicted of firearms offenses under 18 U.S.C. § 924(c). *United States v. Hicks*, 472 F.3d 1167, 1168 (9th Cir. 2007), *overruled on other grounds, Dillon v. United States*, 130 S. Ct. 2683 (2010). Amendment 599 applies retroactively and it provides in relevant part:

> If a sentence under this guideline is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic for possession, brandishing, use, or discharge of an explosive or firearm when determining the sentence for the underlying offense. A sentence under this guideline accounts for any explosive or weapon enhancement for the underlying offense of conviction, including any such enhancement that would apply based on conduct for which the defendant is accountable under § 1B1.3 (Relevant Conduct).

U.S. SENTENCING GUIDELINES MANUAL Supp. to App. C, Amend. 599, 69 (Nov. 1, 2002). By restricting the application of certain weapons enhancements, the Sentencing Commission sought to "to avoid the duplicative punishment that results when sentences are increased under both the statutes and the guidelines for substantially the same harm." *Id.* at 70 (Reason for Amendment).

However, Amendment 599 does not apply in this case. The plain language of the amendment relates only to weapons enhancements contained in the Guidelines for the underlying offense of conviction. Here, defendant's underlying offense was armed bank robbery. As set forth in defendant's PSR, no weapons enhancement was applied to his armed robbery base offense level of 20 because such an enhancement was already prohibited under Guidelines due to his conviction under § 924(c). PSR ¶ 28; *see* U.S. SENTENCING GUIDELINES MANUAL § 2K2.4 cmt.n. 2 (2001).

5 - OPINION AND ORDER DENYING MOTION FOR SENTENCE MODIFICATION

The PSR reflects that two points were added to his armed robbery base offense for taking property from a financial institution and two additional points were added for bodily injury to a victim, for an adjusted offense level of 24. See PSR ¶¶ 26-33, U.S. SENTENCING GUIDELINES MANUAL § 2B3.1 (2001). However, no weapons enhancement was applied to defendant's underlying armed bank robbery offense.

More importantly, the court did not sentence defendant under the armed bank robbery guideline. Instead, defendant's final guideline range was based on his qualification as an armed career criminal under USSG § 4B1.4. That Guideline provides in relevant part:

(b) the offense level for an armed career criminal is the greatest of:

    (1) the offense level applicable from Chapters Two and Three; or

    (2) the offense level from §4B1.1 (Career Offender) if applicable; or

    (3)(A) 34, if the defendant used or possessed the firearm or ammunition in connection with either a crime of violence, as defined in §4B1.2(a) . . . ; or

    (B) 33, otherwise.

U.S. SENTENCING GUIDELINES MANUAL § 4B1.4 (2013). In this case, as required under § 4B1.4, the court abandoned the underlying offense level of 24 in favor of Level 34. *See also Wesson*, 583 F.3d at 731 (holding career offender guideline and drug guidelines are "mutually exclusive" sentencing schemes; retroactive Amendment 706 not applicable). The armed career criminal guideline was not modified by Amendment 599, and thus defendant is not entitled to a sentence reduction under § 3582(c)(2). *See Norwood v. United States*, 472 F.App'x 113, 118 (3d Cir. 2012) (holding Amendment 599 did not apply because defendant was sentenced under USSG § 4B1.4(b)(3)); *United States v. Slaughter*, 386 F. App'x 878, 879 (11th Cir. 2010) (finding district

court could not re-examine defendant's status as an armed career criminal because Amendment 599 did not apply to USSG § 4B1.4); *see also United States v. Hickey*, 280 F.3d 65, 68-69 (1st Cir. 2002) (holding Amendment 599 not applicable because defendant sentenced as career offender).

Defendant argues that the court applied a weapons enhancement contrary to Amendment 599 by applying offense level 34 instead of level 33 when using the armed career criminal guideline. Although the Ninth Circuit has not addressed defendant's specific argument,[3] it has been rejected by other courts. For example, in *Norwood*, as pertinent here, Michael Norwood was convicted of armed bank robbery, use of a firearm in connection with a crime of violence, and felon in possession of a firearm under 18 U.S.C. §§ 2113(d), 924(c) and 922(g), respectively. *Norwood*, 472 F.App'x at 115. There, the sentencing court applied the armed career criminal guideline and determined his offense level was 34. *Id.* at 119. Norwood sought to reduce his sentence from an offense level 34 to 33 because Amendment 599 required the court to "overlook his use of a firearm" when applying the armed career criminal guideline. *Id.*

The Third Circuit rejected this argument, concluding that Amendment 599 did not apply because his sentence was calculated under the armed career criminal guideline. The *Norwood* court held that once that happened, "'the sentencing scheme for the underlying offense fell out of the picture as did the [offense-specific] enhancements to which Amendment 599 refers.'" *Id.* (quoting *Hickey*, 280 F.3d at 67). *See also Howard v. United States*, No. 08 CV 2010 JM, Crim. No. 93 CR 0843, 2009 WL 482363, *1-3 (S.D. Cal. Feb. 20, 2009) (finding Amendment 599 did not apply because sentenced under § 4B1.4).

---

[3]In an unpublished opinion, the Ninth Circuit stated that Amendment 599 did not apply to or modify the armed career criminal guideline, the guideline under which the defendant was sentenced. *United States v. Smith*, 390 F. App'x 690 (9th Cir. 2010).

7 - OPINION AND ORDER DENYING MOTION FOR SENTENCE MODIFICATION

The First Circuit applied the same rationale in *United States v. Hickey*, 280 F.3d at 69. There defendant Robert Hickey was convicted of armed robbery and use of firearm under 18 U.S.C. §§ 2113(d), and 924(c), and was sentenced as a career offender pursuant to USSG § 4B1.1, with an offense level of 34 and a criminal history category of VI, resulting in a recommended range of 262 to 327 months. *Id.* at 66. Hickey sought to reduce his sentence based on Amendment 599 contending that the was being penalize twice for the same conduct, once under the career offender guideline for armed robbery and once under § 924(c). *Id.* The court rejected Hickey's argument, concluding that Hickey's sentence was based on the career offender guideline, a separate sentencing scheme unaffected by Amendment 599. *Id.* at 68-69.

I am persuaded by the reasoning in *Hickey*, *Norwood,* and *Howard.* In short, defendant's sentence was based on § 4B1.4, an alternative sentencing scheme unaffected by Amendment 599. Accordingly, this court is without authority to reduce defendant's sentence under § 3582(c)(2).

As defendant correctly points out, Amendment 674 did modify the armed career criminal guideline under which he was sentenced in order to address the perceived "double counting" issue about which he complains. Amendment 674, effective November 1, 2004, modified USSG § 4B1.4 and provides in relevant part:

> If a sentence under this guideline is imposed in conjunction with a sentence for a conviction under 18 U.S.C. § 844(h), § 924(c), or § 929(a), do not apply either subsection (b)(3)(A) or (c)(2). A sentence under 18 U.S.C. § 844(h), § 924(c), or § 929(a) accounts for the conduct covered by subsections (b)(3)(A) and (c)(2) because of the relatedness of the conduct covered by these subsections to the conduct that forms the bases for the conviction under 18 U.S.C. § 844(h), § 924(c), or § 929(a).

U.S. SENTENCING GUIDELINES MANUAL § 4B1.4 cmt.n.2 (2013). In short, Amendment 674 added Application Note 2 to § 4B1.4 and, for those like defendant who are sentenced under both § 924(c)

8 - OPINION AND ORDER DENYING MOTION FOR SENTENCE MODIFICATION

and the armed career criminal enhancement, the amendment the effectively lowers the base offense level from 34 to 33 and the minimum criminal history category from VI to IV. *Id.*

However, Amendment 674 does not apply retroactively. In order to modify a final sentence under § 3582(c)(2), the reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." *Pleasant*, 704 F.3d at 810; 18 U.S.C. § 3582(c)(2) (providing reductions must be consistent with applicable policy statements issued by the Sentencing Commission). The applicable policy statements are those in USSG § 1B1.10. Amendment 674 is not listed in USSG §1B1.10, and therefore, this court is without authority to reduce defendant's sentence.

Although acknowledging Amendment 674 is not retroactive, defendant nevertheless contends it should apply when interpreting Amendment 599. According to defendant, Amendment 674 clarifies that Amendment 599 prohibits all weapons enhancements. I disagree.

Defendant cites no controlling authority interpreting Amendment 674 as "clarifying." *See United States v. Diaz-Cardenas*, 351 F.3d 404, 409 (9th Cir. 2003) (noting burden is on defendant to establish eligibility for sentence reduction; holding guideline amendment not retroactive). Moreover, case law interpreting Amendment 674 uniformly has held that it is not retroactively applicable, and does not afford a basis for a sentence modification. *See, e.g., Howard*, 2009 WL 482363 at *3 (finding Amendment 674 not retroactive and counter to Sentencing Commission policy statement); *Norwood*, 472 F. App'x at 120 (same); *United States v. Czeck*, 172 F. App'x 687 (8th Cir. 2006) (holding Amendment 674 not retroactive and could not be used to reduce sentence); *see also United States v. Willis*, Crim. No. 3-94-133, 2007 WL 2264719 (D. Minn. Aug. 6,

9 - OPINION AND ORDER DENYING MOTION FOR SENTENCE MODIFICATION

2007)(collecting cases holding Amendment 674 not retroactive and denying sentence reductions under § 3582(c)(2)).

Furthermore, even if Amendment 674 could be applied retroactively, the career offender guideline was not impacted. As set forth in the PSR, defendant also qualifies as a career offender under § 4B1.1. PSR ¶¶ 37-38. Under that guideline, defendant's maximum penalty for armed bank robbery was 25 years which also corresponds to an offense level of 34. U.S. SENTENCING GUIDELINES MANUAL § 4B1.1 (2013). Thus, the guidelines applicable to defendant have not been lowered. I reject defendant's contention that it is unclear whether his sentence was imposed pursuant to the armed career criminal guideline or the career offender guideline and that he should be re-sentenced. As noted above, the court specifically adopted the PSR recommendations and findings in its Findings of Fact. ECF No. 93.

Finally, I am unconvinced by defendant's argument that under the career offender guideline, the court applied a weapons enhancement by using the armed bank robbery penalty with an offense level of 34 instead of an unarmed robbery penalty, which corresponds to an offense level of 32. I find the Ninth Circuit's rationale in *United States v. Wesson* instructive.

In that case, Willie Dee Wesson sought a modification of his sentence based on the retroactively applicable Amendment 706, which sought to reduce the disparity between crack and powder cocaine by adjusting downward by two points the base offense levels assigned to drug quantities. *Wesson*, 583 F.3d at 729. The court noted that for drug convictions, the length of a defendant's prison term is correlated to the quantity of drugs, absent two prior drug convictions. *Id.* at 731. "However, where a defendant qualifies as a career offender, USSG § 4B1.1 establishes an alternate sentencing scheme based on the statutory maximum sentence for the offense. Moreover,

10 - OPINION AND ORDER DENYING MOTION FOR SENTENCE MODIFICATION

§ 4B1.1 requires that a district court apply this alternate sentencing scheme where the offense level it specifies exceeds the offense level that would otherwise apply." *Id.* (citing U.S. SENTENCING GUIDELINES MANUAL § 4B1.1)(footnote omitted)). In that case, the court ruled "[t]he two sentencing schemes are mutually exclusive." *Id.* Therefore, the court concluded that Wesson's sentence was not "based on" a sentencing range that was lowered by Amendment 706, and the district court lacked jurisdiction to modify his sentence.

The same is true in this case. As in *Wesson*, the career offender guideline in § 4B1.1 establishes an alternative sentencing scheme and it is not based on defendant's possession of a firearm. Instead, defendant's career offender offense level is connected solely to the maximum statutory penalty. In this case, the maximum statutory penalty is 25 years, which corresponds to offense level 34. Defendant's criminal history category of VI is not in dispute, and therefore, his applicable sentencing guideline range remains unchanged at 262-327 months. Accordingly, the applicable guideline sentencing range has not been lowered and this court lacks jurisdiction to reduce defendant's sentence. The motion is denied. 18 U.S.C. § 3582(c)(2); *Pleasant*, 704 F.3d at 812 (denying § 3582(c)(2) motion where applicable guideline range has not been lowered).

////

////

////

////

////

////

////

11 - OPINION AND ORDER DENYING MOTION FOR SENTENCE MODIFICATION

## CONCLUSION

For the reasons set forth above, defendant's request for oral argument is DENIED; defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (ECF No. 150) is DENIED.

IT IS SO ORDERED.

DATED this 2 day of FEBRUARY, 2016.

Malcolm F. Marsh
United States District Judge