IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Nos. 3:98-CR-00398-JO-2 |
| | ) | 3:16-CV-01067-JO-1 |
| v. | ) | |
| | ) | RESENTENCING OPINION |
| Ernest Johnson, Jr. | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

JONES, J.

## BACKGROUND

In 1998, a jury found defendant Ernest Johnson, Jr. guilty of three counts: armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d) (Count 1); possession of a firearm in connection with that robbery 18 U.S.C. § 924(c) (Count 2); and, being a felon in possession of a firearm in violation of 18 U.S.C. § 924(g) (Count 3). (#76) Following the trial, Probation prepared a presentence report (PSR) which calculated defendant's offense level at 34 with criminal history category VI, yielding a guideline range of 262 -327 months. Probation determined that on Count 1, defendant qualified as a Career Offender pursuant to United States Sentencing Guidelines (U.S.S.G) §§ 4B1.1 and 4B1.2 and on Count 3, for the enhanced penalties under the Armed Career Criminal Act (ACCA).[1]

---

[1] The Career Offender guideline, which implements the career offender statute (28 U.S.C. § 994(h)), increases a defendant's offense level if the current offense is a "crime of violence" or a "controlled substance offense," and the defendant has already been convicted of committing two or more such offenses. The ACCA provides that a person who violates § 922(g) and who "has

When Probation prepared the PSR, defendant's criminal history included a number of prior convictions

- 1969 Oregon Robbery by Force and Violence, Unarmed
- 1970 Oregon Assault and Robbery While Armed
- 1982 Oregon Burglary II
- 1984 California for Robbery of an Inhabited Dwelling
- 1993 Oregon for Robbery I, Burglary I, Kidnapping II, and Assault II

I adopted the Guideline calculations and sentenced defendant to 300 months in prison and five years of supervised release on Count 1, 60 months mandatory minimum consecutive sentence and five years of supervised release on Count 2, and 300 months in prison and five years of supervised release on Count 3 to be served concurrently with the sentence imposed on Count 1. Defendant received a total sentence of 360 months in prison and five years of supervised release (#92, 93).

While defendant was serving his sentence, the United States Supreme Court issued a ruling invalidating the ACCA residual clause. *Johnson v. United States*, 135 S. Ct. 2551 (2015). Defendant filed a motion to vacate or correct his sentence pursuant to 28 U.S.C. § 2255, based on *Johnson* and subsequent case law. (# 170) The parties filed a stipulation in which they agreed to litigate whether defendant is still a Career Offender, whether he still qualifies for the enhanced penalties under the ACCA, and whether he should still receive a sentence of 360 months in prison, followed by five years of supervised release. (#184)

At my direction, Probation prepared a new PSR which concluded that defendant is no longer a Career Offender and is no longer eligible for the enhanced penalties under the ACCA.

---

three previous convictions" for a "violent felony" shall be imprisoned for a minimum of 15 years and a maximum of life. 18 U.S.C. § 924(e).

Probation's new calculations result in a total offense level of 24 with criminal history category VI for a guideline range of 110-125 months (with a maximum of 120 months on Count3), plus a consecutive sentence of 60 months on Count 2. The government disagrees with Probation's conclusions that defendant no long qualifies as a Career Offender and is ineligible for the ACCA sentencing enhancement. At the time of the resentencing hearing, defendant had served more than 228 months in prison.

## STANDARD OF REVIEW

The government has the burden to prove that a prior conviction qualifies as a career offender predicate. *United States v. Lee*, 704 F.3d 785, 89 (9th Cir. 2012).

The career offender guideline increases a defendant's offense level if the current offense is a "crime of violence" or a "controlled substance offense" and the defendant has already been convicted of committing two or more such offenses. U.S.S.G § 4B1.1. Section 4B1.1 of the Guidelines defines the terms:

(a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that –

   (1) Has an element the use, attempted use, or threatened use of physical force against the person of another, or,
   (2) Is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c).

(b) The term "controlled substance offense" means an offense under federal or state law punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export distribute, or dispense.

The ACCA imposes a 15-year sentencing enhancement when a defendant has three previous convictions for a "violent felony" or a "serious drug offense." 18 U.S.C. § 924(e)(1). The term "violent felony" is defined in section 924(2)(B) as:

> any crime punishable by imprisonment for a term exceeding one year ... that (i) has an element the use, attempted us, or threatened use of physical force against the person of another, or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

To determine whether a prior conviction qualifies as a career offender "crime of violence" or an ACCA "violent felony" predicate, courts apply the three-step "categorical approach" as set forth in *Taylor v. United States*, 495 U.S. 575 (1990), *Descamps v. United States*, 133 S. Ct. 2276 (2013) and *Mathis v. United States*, 136 S. Ct. 2243 (2016). First, the court examines the elements of the state predicate crime to assess whether the elements of the state crime are the same as or narrower than the elements of the federal offense. See *United States v. Dixon*, 805 F.3d 1193, 95 (9th Cir. 2015). If the state crime is a categorical match, then every conviction under that statute qualifies as a "crime of violence" or "violent felony" predicate. If, however, a statute criminalizes conduct that goes beyond the elements of the federal offense, the court proceeds to the second step and determines whether the statute is divisible or indivisible. *Dixon*, 805 F.3d at 1198. If the statute is indivisible, the inquiry ends because a conviction under an indivisible, overbroad statute can never serve as a predicate offense. If the overbroad statute is divisible, the court proceeds to step three, the modified categorical approach. At this step, the court examines documents from the defendant's record of conviction to determine which elements of the divisible statute he or she was convicted of violating. See, *Lopez-Valencia v. Lynch*, 798 F.3d 863, 67-68 (9th Cir. 2015). If a defendant was convicted of a particular subsection of the statute that satisfies the definition of "crime of

violence," or " violent felony" then that particular conviction will qualify as a crime of violence under Guideline 4B1.2 or the ACCA.

## DISCUSSION

1. Career Offender

The parties agree that only two of defendant's prior convictions potentially qualify as "crimes of violence" under U.S.S.G. § 4B1.2(a): defendant's 1983 for Robbery of an Inhabited Dwelling in violation of California Penal Code § 211; and his 1992 convictions in Oregon for Robbery I, Burglary I, Kidnapping II, and Assault II, which count as a single conviction because they arose out of a single set of facts.

Defendant does not dispute that the 1992 set of convictions in Oregon qualifies as a "crime of violence." However, he argues the 1983 Robbery conviction no longer qualifies as a "crime of violence" because the elements of California Penal Code § 211 are not a categorical match with the generic federal crime of Robbery and criminalizes conduct that goes beyond the elements of the federal offense. Specifically, defendant argues that § 211 criminalizes a threat to injure property whereas the Sentencing Guidelines do not recognize a threat to injure property as an element within the definition of any of the enumerated crimes of violence under §4B1.2.

In *United States v. Becerril-Lopez*, 541 F.3d 881 (9th Cir. 2008), the Ninth Circuit ruled that California Penal Code § 211, which includes robbery of an inhabited dwelling, categorically qualified as a crime of violence under U.S.S.G. §2L1.2 because a violation of the statute would always constitute either generic robbery or generic extortion, and both offenses were enumerated crimes of violence under §2L1.2. *Becerril-Lopez*, 541 F.3d at 892. Similarly, both robbery and extortion are enumerated crimes of violence under U.S.S.G § 4B1.2(a)(2). Thus, pursuant to the

analysis in *Becerril-Lopez*, defendant's California conviction for Robbery of an Inhabited Dwelling would constitute a crime of violence for Career Offender purposes under §4B1.2.

Defendant argues that *Becerril-Lopez* is distinguishable because the Sentencing Commission amended the Commentary to § 4B1.2 in 2016 and narrowed the definition of "extortion." "Extortion" is now defined as "obtaining something of value from another by the wrongful use of (A) force, (B) fear of physical injury, or (C) threat of physical injury." The commentary explains that the amendment "narrows the generic definition of extortion by limiting the offense to those having an element of force or an element of fear or threats 'of physical injury,' as opposed to non-violent threats such as injury to reputation." U.S.S.G. § 4B1.2, Supplement to Appendix C (November 1, 2016) p.131. I do not read the commentary as limiting extortion to injury to a person and excluding injury to property as defendant contends. The commentary's focus is on violent versus non-violent threats. In fact, in *Becerril-Lopez*, the Ninth Circuit provided examples of threats of violence that included physical injury to property, such as "Give me $10 or I'll key your car" or 'Open the case register or I'll tag your windows." *Becerril-Lopez*, 541 F.3d at 891. While defendant makes a strong and logical argument that had the Sentencing Commission intended to include physical injury to property, it could have done so, as it has in other provisions. I find more persuasive the government's reciprocal argument that the Sentencing Commission could have excluded physical injury to property from the generic definition of extortion had it so wanted, and did not. Following the logic in *Becerril-Lopez*, I find that defendant's 1983 conviction for Robbery of an Inhabited Dwelling constitutes a crime of violence for Career Offender purposes.

2. Armed Career Criminal

The parties agree that defendant's 1982 Burglary II conviction no longer qualifies as a "violent felony" because Oregon's burglary statute is broader than the generic definition and the offense does not require any level of force or attempted force against a person. *United States v. Cisneros,* 826 F.3d 1190 (9th Cir. 2016). The parties also agree that defendant's 1984 California Robbery of an Inhabited Dwelling conviction does not constitute a "violent felony" under the ACCA because robbery is not an enumerated felony under the ACCA and the force required under § 211 can be accidental. *Dixon,* 805 F.3d at 1196-97. The parties disagree as to whether defendant's 1969 conviction of Robbery by Force and Violence serves as a predicate conviction for the ACCA.

Using the categorical approach to determine whether a prior conviction is a predicate offense under the ACCA, I compare the elements of the statute forming the basis of defendant's conviction with the elements of the generic crime. *Taylor v. United States,* 495 U.S. 575, 588-89 (1990); *Descamps v. United States,* 133 S. Ct. 2276, 2281 (2013). "The prior conviction qualifies as an ACCA predicate only if the statute's elements are the same as, or narrower than, those of the generic offense. *Descamps,* 133 S. Ct. at 2281.

To qualify as a predicate offense under the 18 U.S.C. §924(e)(2)(B)(i), the state statute must have as an element the "use, attempted use, or threatened use of physical force against the person of another." I look at both the text of the state statute and the state courts' interpretations of the statute's terms. United States v. Flores-Cordero, 723 F.3d 1085, 1087 (9th Cir. 2013).

In 1969, O.R.S. § 163.290 (Robbery by Force and Violence, Unarmed) provided:

> Any person, not being armed with a dangerous weapon, who by force and violence, or by assault, or by putting in fear of force and violence or assault, robs, steals, or takes from the person of another any money or other property which

may be the subject of larceny, shall be punished upon conviction by imprisonment in the penitentiary for not more than 15 years.

The state statute requires the use of "force and violence," an "assault" or "putting [the victim] in fear of force or violence of an assault." On its face, the statute contains the elements of the type of physical force required under *Johnson.*

Oregon case law is silent as to the amount of force necessary for the commission of the crime for which defendant was convicted, ORS § 163.290. *Merrill v. Gladden*, 337 P.2d 774 (Ore. 1959) does not support defendant's position, as the discussion in Merrill regarding the amount of force required for the commission of a crime refers to common law robbery and not the statute at issue in this case. In *United States v. Strickland*, 860 F.3d 1224 (9th Cir. 2017), the Ninth Circuit reviewed Oregon case law and concluded that Oregon Robbery III does not qualify as a violent felony under the ACCA. The statute at issue in *Strickland* required the use or threatened use "of physical force upon another person," ORS § 164.395(1), language different from the statute at issue here.

In *United States v. Parnell*, 818 F.3d 974 (9th Cir. 2016), the Ninth Circuit, after reviewing Massachusetts's case law, ruled that Massachusetts's Armed Robbery committed "by force and violence" (language identical to that in the Oregon statute) is not a violent felony under the ACCA because the statute only required enough force to obtain the victim's property against his or her will. However, as the concurring opinion explains, the result in *Parnell* is "compelled by two oddities of Massachusetts law" and thus not universally applicable.

Based on my reading of the statute and the lack of Oregon case law, I find the defendant's conviction of Robbery by Force and Violence, Unarmed, categorically qualifies as a violent felony under the ACCA, and thus subject to the 15 year mandatory minimum sentence.

3. Discretionary Factors Under 18 U.S.C. § 3553(a)

Defendant makes a strong argument for why he should be released from prison. He is a 66-year-old cancer survivor. He has been incarcerated for more than 19 years for the present conviction. He earned his GED at the age of 52 and possesses a clean disciplinary record since he has been housed at FCI Sheridan these past 7 years. Defendant secured a job at the Unicor solar panel factory and maintained his employment until the factory shut down. He has much support in the community as was evidenced by the number of friends and family who appeared at his resentencing hearing. He has a firm release plan, including an approved residence at his brother's home and a mentor in a re-entry and recovery program. The factor that weighs most heavily in favor of granting defendant's release is that he has remained clean and sober since 2009. Defendant's rehabilitation since his prior sentencing is compelling. I find that imposing the mandatory minimum sentences in this case to be sufficient but not greater than necessary to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, and to protect the public from further crimes of the defendant.

CONCLUSION

I find defendant's 1983 conviction for Robbery of an Inhabited Dwelling constitutes a crime of violence for Career Offender purposes. I also find defendant's 1969 conviction for Robbery by Force and Violence, Unarmed, qualifies as a violent felony under the ACCA. Thus, I sentence defendant to fifteen years on Counts 1 and 3 to be served concurrently and five years of supervised release on each count. I sentence defendant to five years for Count 2 to be served consecutively to the sentences imposed in Counts 1 and 3 and five years of supervised release. Given that defendant has already served nearly 19 years of straight time, my assumption is that,

with credit for good conduct, this sentence will be equivalent to a Time Served sentence. Any restitution or fee assessments imposed in the original sentence remains in place for this resentencing.

Dated this 15th day of September, 2017

_____
Robert E. Jones, U.S. District Court Judge